794

## In re MUNSON S. S. LINES.
### DENHAM v. MUNSON LINE, Inc.
#### No. 306.

Circuit Court of Appeals, Second Circuit.

June 6, 1941.

I. L. Broadwin, of New York City (Robert N. Denham, of Washington, D. C., of counsel), for appellant.

Lowell M. Birrell, of New York City (Lloyd C. Hartman, of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

This proceeding for reorganization of the debtor corporation was initiated in June 1934; the plan eventually confirmed was consummated in February, 1939. The appellant claims that during a small part of this period, namely, between May 15, 1935 and February 5, 1937, he rendered services and incurred expenses which entitled him to compensation and reimbursement out of the estate. The district judge allowed him $500 for services performed as secretary of the Reorganization Com-

mittee, which was organized in July, 1936, but denied his claim in all other respects. His appeal does not question the adequacy of the allowance for secretarial services.

In refusing compensation for appellant's other work, the district judge stated that he "was then acting as a volunteer in an attempt to bring about a reorganization; his efforts in that behalf were entirely fruitless, and contributed nothing to the ultimate result." If these findings are correct, the refusal of an allowance from the estate was obviously justified. It is clear that the appellant began his services as a volunteer; he was retained as "reorganization adviser" by clients who never intervened in the proceeding and abandoned their efforts in February, 1936. He then "elected to work with the Independent Bondholders Committee as adviser" until that committee was supplanted by the Reorganization Committee in July. Thereafter he worked in collaboration with the latter committee but frankly concedes that after October, 1936, he was infrequently called upon for advice. No plan of reorganization was filed in court until February 2, 1937, and the plan then submitted required extensive amendments before it was confirmed in September, 1938. The plan finally consummated bears so little resemblance to the plan which Denham suggested to the Independent Bondholders Committee in March of 1936 that we can see no possible justification for reversing the district court's finding that the appellant's efforts contributed nothing to the ultimate result. Nor was there any abuse of discretion in denying the motion for rehearing and for leave to present further proof. The district court considered the supporting papers and found nothing in them to change his former conclusion. We agree. The orders appealed from are affirmed.